*184 The opinion of the Court was delivered by
Dunkin, C. J.
It is stated by all the text-writers tbat, in addition to the obligation of exercising all reasonable care of the property intrusted to bis charge, which duty arises from the reward paid, the law affixes to a common carrier the responsibility of an insurer — tbat is, (says Mr. Justice Story,) be is responsible for all losses not occasioned by the act of God or of the public enemy. The inquiry, therefore, is not whether the carrier has, or has not, been guilty of negligence, but whether the loss comes within either of the excepted cases. Such is the stringency of the rule, tbat it is well settled tbat losses, occasioned by robbery on the highway, or by the depredations and violence of mobs, rioters and insurgents, are not deemed losses by the public enemy, within the meaning of the exception. Story, Bail., sec. 526.
It is said, in the second ground of appeal, (which alone has been relied on in this Court,) tbat, at the time when the plaintiff’s cotton was received, the Northeastern Railroad and all its rolling-stock were in possession of the Confederate military authorities in the removal of troops, and tbat the Judge’s charge precluded the defendant from the benefit of these extenuating circumstances.
A common carrier is bound to receive and carry all goods offered for transportation by any persons whomsoever, upon receiving a suitable hire. This is the result of bis public employment as a carrier, and be will be liable to an action, unless there is a reasonable ground for tbe refusal. But if be refuses to take charge of tbe goods, because bis coach is full, or because they are of a nature which will at tbe time expose them to extraordinary danger, or to popular rage,.or because be has no convenient means of carrying such goods with security, &e., these will furnish reasonable grounds for bis refusal; and will, if true, be a sufficient legal defence to a suit for tbe non-carriage of tbe goods. Story, Bail., sec. 508.
On 11th February, 1865, tbe defendants received from tbe *185 plaintiff, at tbe Monk’s Corner Depot, thirty miles from Charleston, certain bales of cotton to be transported to Kingstree, thirty-four miles further, and there delivered to Peter Mouzon. On 17th February, the cotton was sent, from Monk’s Corner, on the freight train. The action was brought, and a verdict rendered, for the value of three of these bales of cotton.
The charge of the presiding Judge, to which objection is taken, is thus reported by him: “ The ground of appeal states that the railroad and all its rolling-stock were in the possession of the military when the cotton was received. If this be so, the officers of the Company knew best the capacity of the road for transportation, and should have advised the plain-, tiff of the difficulty and danger, if any existed; not having done so, and giving no notice that they would not incur the risk, all the liability of a common carrier attached when they received the cotton. If the plaintiff had been advised of the difficulty, she might have availed herself of some' other means of transportation.”
The Court can perceive no error in the instructions thus given.' It was for the defendants, and not for the plaintiff, to estimate the difficulty of the undertaking and the extent of the risk. According to their statement, the road and its rolling-stock were, at that time, “ in the possession of the military in the removal of troops, &c.” Under these circumstances, they may have declined to take charge of the plaintiff’s cotton for the purpose of transportation. They j udged for themselves, and having signed the receipt and, six days afterward, moved off the cotton, they voluntarily assumed a responsibility which rendered them liable to the plaintiff’s action.
The motion is dismissed.
Wardlaw and Inglis, J. J., concurred.

Motion dismissed.